**The below described is SIGNED.**

**Dated: July 15, 2011**

_____
**R. KIMBALL MOSIER**
**U.S. Bankruptcy Judge**

_____



IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF UTAH
CENTRAL DIVISION

| In re:    DAVID M. HAMMOND AND JOETTA A. HAMMOND<br><br>Debtor(s). | Case No. 10-36146<br><br>Chapter 13<br><br>Judge R. Kimball Mosier |
|---|---|
| **ORDER GRANTING DEBTORS' MOTION FOR DETERMINATION OF UNSECURED CLAIM, REMOVAL OF SECOND MORTGAGE LIEN OF AEGIS WHOLESALE CORPORATION AND ANY LIEN OF CITIMORTGAGE, INC. AND REQUEST FOR ATTORNEY'S FEES** | |

David M. Hammond and Joetta A. Hammond (the "Debtors") filed their Motion for Determination of Unsecured Claim, Removal of Second Mortgage Lien of Aegis Wholesale Corporation and any Lien of CitiMortgage, Inc. and Request for Attorney's Fees (the "Motion"), dated January 17, 2011, seeking a determination of the secured status of the lien of Aegis Wholesale Corporation and any lien of CitiMortgage, Inc. ("Lenders") against the Debtors' residence pursuant to 11 U.S.C. §506(a) of the Bankruptcy Code and Bankruptcy Rule 3012. The Debtors properly served Lenders with the Motion and Notice of the Motion and Opportunity

to Object pursuant to Bankruptcy Rules 9014(b) and 7004, and the time allowed by law for Lenders to respond to the Motion has expired.

Based upon the allegations in the Motion, proper notice to the Lenders, the lack of any objection or other response by Lenders and good cause appearing, the Court hereby Orders as follows:

1. The Lender's or Lenders' lien on the Debtors' real property, as evidenced by that deed of trust recorded on February 26, 2007 in the Recorder's Office for Davis County as E 2247436 B 4227 P 1044-1055 (the "Lien"), is hereby determined to be wholly unsecured under 11 U.S.C. § 506(a); and for purposes of this Chapter 13 case the claim arising from such Lien shall be classified as a nonpriority unsecured claim.

2. Upon entry or an order of the Bankruptcy Court granting the Debtors a discharge under 11 U.S.C. § 1328, the Lien shall be extinguished and removed from the Debtors' real property located at 221 North Ironside Way, Farmington, Utah 84025, more particularly described as:

> ALL OF LOT 474, FARMINGTON RANCHES
> PHASE 4 SUBDIVISION, FARMINGTON CITY,
> DAVIS COUNTY, UTAH, ACCORDING TO THE
> OFFICIAL PLAT THEREOF

3. If the Debtors' Chapter 13 case is dismissed or converted to another chapter without completion of the plan, the Lien shall be retained by Lenders to the extent recognized by applicable nonbankruptcy law (see 11 U.S.C. § 1325(a)(5)(B)(i)(II)).

4. The recording of this Order, together with the recording of the Order granting both Debtors a discharge under 11 U.S.C. § 1328, shall have the effect of a full reconveyance of the Lien.

**3 |** P a g e

5. Counsel for Debtors is allowed $560.44 attorneys fees to be paid as an administrative claim by the Chapter 13 Trustee.

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*END OF ORDER\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*



HAMMOND 10-36146
**3 |** P a g e